Watson *a.* Morton.

---

## WATSON *a.* MORTON.

*Supreme Court, Fifth District; General Term, June,* 1864.

### SUMMONS.—INTERNAL REVENUE STAMP.

It is not essential that a copy of a summons for service should contain an indication that the original summons is properly stamped as required by the Act of Congress ; and the action will not be set aside on motion for want of any such

indication, where the original summons was duly stamped before the commencement of the action.*

Appeal from an order setting aside all the proceedings in the the action.

In this action, brought by Thomas Watson against Albert Morton, the summons was properly stamped as required by the Internal Revenue Laws of the United States; but the copy thereof which was served on the defendant contained no indication that such was the fact, and it did not appear that the original was shown to the defendant at the time of the service.

The defendant moved, at special term, to set aside the proceedings, on the ground that it did not appear from the copy that the original was stamped; and in support of his motion produced the copy served.

The plaintiff's attorney produced the original, which was properly stamped, and made affidavit that it was properly stamped when issued.

The motion was granted, the court rendering the following opinion:

JAMES, J.—This was a motion to dismiss the action because there was no revenue stamp upon the summons. In support of his motion, the defendant produced the copy of the summons served, and there is nothing on it to indicate that the original had the necessary stamp.

The plaintiff produces the original, which is properly stamped, and makes affidavit that it was properly stamped when issued.

The revenue law requires a fifty-cent stamp upon every legal

---

* Compare the German Liederkranz *a.* Schiemann (25 *How. Pr.*, 388), in which it was held, that an original summons, issued without a stamp, is bad, and subsequently affixing the stamp will not cure the defect; but that an order of arrest is not process by which a suit is commenced, within the meaning of the act, and need not be stamped. And such an order will not be set aside because the summons was not stamped. The summons may be set aside, and the provisional remedy allowed to stand.

We understand, also, that it has been held, in the Fourth Judicial District, a copy summons, containing no indication of a stamp, was valid, where defendant knew that the original had been stamped.

process whereby a suit is commenced, and an omission to affix such stamp renders the process invalid. (*Revenue Laws of* 1862, §§ 94, 95.)

By the Code, civil actions can only be commenced by service of summons (*Code*, § 127); and the service can only be made by delivering a copy of the summons, or by publication. (*Code*, § 134.) It will thus be seen that the revenue stamp is essential to the validity of the summons, and that service can only be made by delivering a copy, where personal service is had. If the original had a revenue stamp attached, can that be a copy which omits an essential part of such process?

I think the defendant is entitled to some notice that a stamp was attached to the original, either by some indication on the copy served, or by showing the stamp on the original. Showing the seal on the original was the manner of serving subpœnas in chancery, which were invalid without having the seal of the court impressed, and although necessary to exhibit the seal, it was also customary to make the copy delivered indicate the seal. I am not now prepared to say that showing the stamp on the original process, at the time of service, without marking the copy served, would not be sufficient, but I am satisfied that some indication of a stamp being attached must be given; and as there was none in this case, the motion must be granted, but without costs.

From the order thus made, the plaintiff appealed to the general term.

*L. H. Brown*, for the appellant.

*Mr. Pratt*, for the respondent.

By the Court.*—Morgan, J.—I think it is the usual practice to put a memorandom upon the copy of the summons as served, to indicate that the original is properly stamped as required by the Act of Congress. But there is no authority which requires this to be done. Although stamping is required in England, by sundry Acts of Parliament, to give validity to a variety of instruments, it is not necessary, nor is it usual, in pleading, to

---

* Present, Morgan, Bacon, and Foster, JJ.

aver that such instruments have been duly stamped. (See *Daniel's Ch. Pl. & Pr.*, 418.) It was never necessary to imitate the seal upon the copy of process when served. (Clutterbuck *a.* Wildman, 2 *Tyrwhitt's Ex. R.*, 276; 3 *Chitty's Gen. Pr.*, 251.) Nor was it necessary in serving the copy, though usual, to show the original process unless demanded. (*Tidd's Pr.*, 148.) The defendant cannot take it for granted that the original summons is not properly stamped to give it validity, merely because the copy served takes no notice of it. The summons is required to be filed with the clerk of the court within ten days after the service thereof (§ 416 of the *Code*), and it can then be seen whether or not it is properly stamped. If it can be shown, however, by affidavits, that it was not properly stamped before the commencement of the action, it will be set aside on motion; and the objection will be taken by the court without a motion, whenever the fact comes to its knowledge. (*Daniel's Pl. & Pr., supra*, 1188.)

As the original summons was duly stamped in this case, the service of a copy thereof without notice of the stamp would be an irregularity, at most. It is treated as such by the judge at at special term. As an irregularity, it was cured by the general appearance of the defendant; and the motion might have been denied upon that ground. (See 1 *Abbotts' Dig.*, 190, *sub. IV.*)

In my opinion, however, there is no authority for requiring the copy to indicate that the original was duly stamped; and for this reason I think the order at special term should be reversed with $10 costs to the plaintiff on this appeal.

Order accordingly.